**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

STEVEN NELSON[1]
Reg. #14619-010                                                                                   PETITIONER

V.                              CASE NO. 4:19-CV-613-BRW-BD

ARKANSAS, STATE OF                                                                          RESPONDENT

**RECOMMENDED DISPOSITION**

**I.     Procedure for Filing Objections:**

This Recommended Disposition (Recommendation) has been sent to Judge Billy Roy Wilson. Mr. Nelson may file written objections with the Clerk of Court, but to be considered, objections must be filed within 14 days. Objections should be specific and should include the factual or legal basis for the objection.

If Mr. Nelson does not file objections, he risks waiving the right to appeal questions of fact. And, if no objections are filed, Judge Wilson can adopt this Recommendation without independently reviewing the record.

**II.    Background:**

Petitioner Steven Nelson is currently incarcerated in the Bureau of Prison (BOP) at the United States Penitentiary in Terre Haute, Indiana. (Docket entry #1 at 1) See Federal Bureau of Prisons Inmate Locator, https://www.bop.gov/inmateloc/ (viewed Sept. 10, 2019).

---

[1] Mr. Nelson files this petition under the name Steven Nelson, but in the Pope County District Court records he is known as "Steven Varnes." (#1 at 6)

1

Mr. Nelson has been in federal custody since January 2017, and his current release date is September 28, 2022. (#1 at 1) *Id*.

Mr. Nelson filed his petition under 28 U.S.C. § 2254, without the help of a lawyer. He claims that the State of Arkansas, and more particularly the Pope Count District Court, violated the Interstate Agreement on Detainers Act (IADA), because it has not prosecuted him on charges filed in Pope County on March 15, 2004.[2] (#1 at 1-2, 5-7)

Mr. Nelson attaches documents to his petition indicating that in July of 2018, he asked the BOP to send Pope County a letter to ask about the status of the pending state charges. Mr. Nelson claims Pope County never responded to the "Detainer Action Letter." (#1 at 1-2, 5)

Mr. Nelson states that in April of 2019 he filed a motion to dismiss the Pope County charges claiming, "violations of the IADA, Speedy Trial issues and Failure to Prosecute." (#1 at 1) Mr. Nelson asserts that the Pope County Prosecuting Attorney has "refused to file a response, and the Pope County Court has not issued a dispositive ruling in the case." (#1 at 1) But, he attaches a letter from a Pope County District Court Deputy Clerk advising him to contact the court upon his release from federal prison. The Deputy further advises Mr. Nelson that he must "appear before the Judge" before he can have any requests fulfilled. (#1 at 6)

A "Defendant History Detail Report" is attached to the Deputy Clerk's letter. The report indicates that two warrants were issued for Mr. Nelson in March of 2004; and that,

---

[2] The Interstate Agreement on Detainers Act was adopted by the State of Arkansas. See ARK. CODE ANN. § 16-95-101.

2

on the same day, the two pending charges were filed against Mr. Nelson: CR-04-1276 charging him with carrying a weapon and CR-04-1277 charging him with first-degree assault. The report does not indicate whether the warrants were ever served on Mr. Nelson, and there are no court dates on the report.

Further, this Court has been unable to find any pending cases in Pope County against either Steven Nelson or Steven Varnes. See Arkansas Court Connect, https://caseinfo.arcourts.gov/cconnect/ (viewed September 10, 2019). Mr. Nelson asserts that the documents attached to his petition establish that he has exhausted his state-court administrative remedies.

### III.  Discussion:

There are several problems with Mr. Nelson's petition. The first is that Mr. Nelson names the State of Arkansas as the respondent. Under Rule 2 of the Rules Governing § 2254 Cases in United States District Courts, the proper Respondent is the state officer who has custody of the petitioner. If the petitioner is not yet in state custody, but is subject to state custody in the future, the petitioner must name as respondent both the officer who has current custody and the attorney general of the state where the judgment was entered. In this case, the Warden of the Federal Penitentiary in Terre Haute, Indiana is Mr. Nelson's current custodian, and the Arkansas Attorney General is Leslie Rutledge.

Second, according to the petition and attached documents, Mr. Nelson is not in custody on a Pope County District Court judgment. A writ of habeas corpus "is an attack by a person *in custody* upon the legality of *that* custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475,

484 (1973). Habeas corpus is the appropriate remedy when a claim "goes directly to the constitutionality of physical confinement or the shortening of its duration." *Id*. at 489.

Mr. Nelson is in federal custody, and he does not challenge that custody in this petition. Further, Mr. Nelson does not allege, nor are there documents attached to the petition to indicate, that he has ever been arrested on the Pope County charges pursuant to the warrants issued in March of 2004, or that he has ever appeared in Pope County District Court on the charges at issue. Mr. Nelson is not "in custody pursuant to the judgment of a State court," and this Court, therefore, lacks jurisdiction under 28 U.S.C. §2254.

Third, Mr. Nelson asserts a claim under the IADA, but he has not provided the Court with any proof that an Arkansas court has issued a detainer against him. The provisions of the IADA are applicable only where a state court has actually filed a detainer. See *Brewer v. Arkansas*, 2010 WL 129775, 2 (E.D. Ark. 2010).

Finally, even if the Court had jurisdiction, Mr. Nelson has not exhausted his state court remedies. A writ of mandamus may be issued by the Arkansas Supreme Court to compel an official or judge to take some action. *State v. Vittitow*, 358 Ark. 98, 103 (2004) (citing *Manila School Dist. No. 15 v. Wagner,* 357 Ark. 20 (2004)). When requesting a writ of mandamus, a petitioner must show a clear and certain right to the relief sought and the absence of any other adequate remedy. *Id.* However, a writ of mandamus will not lie to control or review matters of discretion. *Id.* Mandamus is a remedy to be used on occasions where the law has established no specific remedy and justice and good government requires it. See *State v. Canada*, 2016 Ark. 318, 3 (upholding a circuit

4

court's order granting Canada's motion to dismiss because the court violated his due process rights when the prosecutor waited fourteen-years to prosecute). The writ of mandamus is an available state-court remedy that Mr. Nelson has not exhausted.

### IV.     Conclusion:

Because Mr. Nelson has not established that he is in custody pursuant to the judgment of a state court or that he has exhausted his state-court remedies, this Court lacks jurisdiction over his claims. Accordingly, the Court recommends that Steven Nelson's petition for writ of habeas corpus (#1) be DISMISSED, without prejudice, under Rule 4 of the Rules Governing Section 2254 cases.

DATED this 10th day of September, 2019.

_____
UNITED STATES MAGISTRATE JUDGE